IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYNDSAY MAY,

        *Plaintiff,*

vs.

        Case No. 25-2543-EFM-ADM

ERIC GARCIA and UNION HORSE
DISTILLING CO.,

        *Defendants.*

**MEMORANDUM AND ORDER**

This matter comes before the Court as to Plaintiff Lyndsay May's "Response to motion filed out of time" (Doc. 20). Plaintiff appears to have filed this document in response to the Court's text entry Order filed on December 3, 2025. That Order (Doc. 18) struck Plaintiff's response to Defendants' motion to dismiss (Doc. 17) because it was filed out of time. Plaintiff's "Response" states that she has medical and financial issues that have prevented her from moving forward with her case. She also states that she has attempted to retain counsel multiple times but has not been able to do so. Plaintiff asks the Court for assistance in finding an attorney. Thus, the Court construes her "Response" as a motion for leave to file out of time and a motion for appointment of counsel.

To the extent Plaintiff seeks leave to file a response, the Court denies her request. The Court explained in its December 3, 2025 Order that a motion for leave to file out of time must contain an explanation as to why the response was not timely filed and a copy of the response to

Defendants' motion to dismiss. While Plaintiff's current "Response" explains why she needs additional time, she does not attach a copy of her proposed response to Defendants' motion to dismiss. Therefore, the Court cannot grant her additional time to file a response to Defendants' motion.

The Court also denies Plaintiff's request to appoint counsel. There is no constitutional right to have counsel appointed in civil cases.[1] "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).[2] The decision whether to appoint counsel "is left to the sound discretion of the district court."[3]

The Court must consider the following four factors in deciding whether to appoint counsel for an individual: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel.[4] When deciding whether to use its appointment power, the Court must be thoughtful and prudent "so that willing counsel may be located without the need to make coercive appointments."[5]

Under the first factor, the Court notes that Plaintiff is currently unemployed. However, she has not sought leave to proceed in forma pauperis in this case, and she has not offered any other

---

[1] *Beaudry v. Corrs. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).

[2] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008) (citing *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006)).

[3] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994) (citation omitted).

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[5] *Id.* (citation omitted).

information as to why she cannot afford counsel. Therefore, the Court finds this factor to be neutral.

The second factor relates to Plaintiff's diligence in searching for counsel. Plaintiff must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney."[6] The Court typically requires the plaintiff to confer with at least five attorneys, not merely contact them.[7] Plaintiff's "Response" indicates that she conferred with ten attorneys about her case. Thus, the Court finds that Plaintiff has diligently searched for counsel.

The third factor is the viability of Plaintiff's claims in federal court. After reading Defendants' motion to dismiss, the Court has serious concerns as to whether Plaintiff's claims will survive the motion. This factor does not weigh in favor of Plaintiff's request for counsel.

The final factor is Plaintiff's ability to prepare and present the case without aid of counsel. The Court sees no basis to distinguish Plaintiff from the many other untrained plaintiffs who represent themselves pro se on various types of claims throughout the United States. Plaintiff may not be trained as an attorney, but this does not warrant the appointment of counsel. Considering all the factors, the Court denies Plaintiff's request for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's "Response to motion filed out of time" (Doc. 20) is construed as both a Motion for Leave to File Out of Time and a Motion for Appointment of Counsel. Plaintiff's Motion for Leave to File Out of Time is **DENIED WITHOUT PREJUDICE**, and her Motion to Appoint Counsel is **DENIED WITH PREJUDICE**.

---

[6] *Martinez v. Pickering*, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022).

[7] *Williams v. Long*, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021).

**IT IS SO ORDERED**.

Dated this 18th day of December, 2025.

                                                  ERIC F. MELGREN
                                                  UNITED STATES DISTRICT JUDGE