**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LINDSAY TAYLOR MAY,

      *Plaintiff,*

v.

ERIC GARCIA & UNION HORSE
DISTILLING CO.,

      *Defendant.*

Case No. 25-2543-EFM-ADM

**MEMORANDUM AND ORDER**

This is a Title VII employment discrimination case filed by pro se Plaintiff Lindsay Taylor May. She alleges that her former supervisor and employer, Defendants Eric Garcia and Union Horse Distilling Company ("Union Horse"), subjected her to harassment, discriminated against her based upon her sexual orientation, and retaliated against her because she made a complaint about her phone. Defendants seek dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a substantive response. For the reasons stated herein, the Court grants Defendants' motion.

## I.      Factual and Procedural Background[1]

Plaintiff began working as an Officer Manager for Union Horse in October 2022. Around June 2023, Plaintiff complained that the company had access to her personal phone through a work-related application, and that there were three unapproved applications on her phone. She began to experience several technical issues with her phone, online accounts, and her email.

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for purposes of this Order.

Plaintiff noticed that her location was being shared with these applications, that her bank accounts were affected, that her MacBook had a firmware lock on it, that she was blocked from accessing government websites, that her information was encrypted when it did not need to be, and that her phone made calls to her supervisor and several other employees by itself in the middle of the night. These issues led her to believe that her supervisor, Eric Garcia, along with her ex-boyfriend were stalking her through the use of these unauthorized and intrusive applications.

In April 2025, after these issues went unresolved, Plaintiff contacted Union Horse's IT manager and informed her of the issues. The IT manager responded that Union Horse only had control over Plaintiff's work account and that the IT manager would remove any device access to Plaintiff's work account. Plaintiff then asked that Union Horse immediately remove access to any of Plaintiff's personal devices. Union Horse's IT manager responded that it did not have access to or control over Plaintiff's personal accounts. Unsatisfied, Plaintiff eventually insisted that she would not be using her personal devices for work.

Plaintiff was discharged from her employment for failing to participate in meetings and for ongoing technical issues. Plaintiff alleges that she was discharged for complaining about her phone issues. Further, she alleges that she was discriminated against by her supervisor because he is homosexual and he supported homosexual employees more than heterosexual employees like Plaintiff.

Defendants filed a Motion to Dismiss on October 15, 2025. Plaintiff filed an untimely response on November 25, 2025. Because she had not sought permission to file a response out of time, the Court struck Plaintiff's response and invited her to file a motion for leave to file out of time. On December 10, 2025, Plaintiff filed an insufficient motion for leave to file out of time, which the Court denied. Plaintiff made no further substantive response to Defendants' motion.

## II.     Legal Standards

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[2] A pro se litigant is entitled to a liberal construction of her pleadings.[3] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[4] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[5] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[6] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[9] A claim is facially plausible if the plaintiff pleads facts

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Iqbal*, 556 U.S. at 678.

sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[12] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

### III.    Analysis

Plaintiff's suit presents three Title VII claims: harassment, discrimination based upon her sexual orientation, and retaliation. Defendants seek to dismiss all claims; the Court will take up Defendants' arguments on each claim in turn.

### A.    Harassment

Defendants argue that Plaintiff cannot bring a suit for harassment because Plaintiff has not exhausted her administrative remedies on this claim. Before bringing a suit under Title VII, a Plaintiff must exhaust her administrative remedies.[14] To exhaust her administrative remedies, a Plaintiff must make a charge of discrimination with the EEOC, describing the facts concerning the action underlying each claim.[15] "A party may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances."[16]

---

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Id.* at 663.

[14] *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997).

[15] *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014).

[16] *Id.* (quoting *Schroder v. Runyon*, 1 F. Supp. 2d 1272, 1274 (D. Kan. 1998)).

Here, Plaintiff checked the block for "harassment" in her form Complaint, but she also checked the block indicating that she did not complain of harassment in her charge of discrimination with the EEOC. Indeed, reviewing her charge of discrimination (which Plaintiff attached to her Complaint) Plaintiff makes no mention of a harassment claim. Accordingly, the Court finds that Plaintiff is barred from bringing a claim of harassment because she did not exhaust her administrative remedies on this claim.[17]

## B.    Sexual Orientation Discrimination

Defendants argue that Plaintiff has not stated a plausible claim for discrimination based upon her sexual orientation because she relies on conclusory allegations rather than factual averments. To state a discrimination claim under Title VII, a plaintiff must factually allege direct evidence of discrimination or well-pleaded facts establishing she: "(1) is a member of a protected class, (2) suffered an adverse employment action, (3) qualified for the position at issue, and (4) was treated less favorably than others not in the protected class."[18] While a complaint need not plead any specific facts in particular, "a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.'"[19] Here, Plaintiff's Complaint merely states that "Eric is homosexual and I was not." Her charge of discrimination states that she felt like her supervisor supported homosexual employees more than heterosexual employees. These are not factual averments, but

---

[17] Plaintiff also checked blocks for age and race discrimination, but neither her Complaint nor charge of discrimination mention any facts that might give rise to these types of claims. Accordingly, to the extent Plaintiff's Complaint contemplates claims for race or age discrimination, the Court finds that they are barred by Plaintiff's failure to exhaust her administrative remedies.

[18] *Mackley*, 296 F.R.D. at 666 (citations omitted).

[19] *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

rather speculative and conclusory allegations. Accordingly, the Court finds that Plaintiff has not pled facts sufficient to sustain a Title VII discrimination claim.

## C.    Retaliation

Defendants move to dismiss Plaintiff's retaliation claim because she has not pled facts sufficient to show that she engaged in protected activity. "To state a prima facie case for retaliation under Title VII, a plaintiff must show '(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[20] "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by Title VII. General complaints about company management will not suffice."[21] Here, Plaintiff's Complaint indicates that she did not complain about harassment in her charge of discrimination, and that she believes her employment was terminated for complaining about her phone issues. Even a liberal reading of her Complaint cannot stretch this allegation into activity protected by Title VII. Rather, her complaints about her phone issues are more properly considered general complaints about company management. For that reason, Plaintiff has not pled facts sufficient to state a claim for retaliation under Title VII.

## D.    Conclusion

Defendants raise several other arguments for dismissing Plaintiff's claims. However, the Court need not address them because the Court dismisses Plaintiff's claims for the reasons stated above.

---

[20] *Khalik*, 671 F.3d at 1193 (10th Cir. 2012) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)).

[21] *Iweha v. Kansas*, 121 F.4th 1208, 1233–34 (10th Cir. 2024) (citation and alterations omitted).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 12th day of March 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE